UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY J. IRVIN,                          Case No. 25-cv-10088

　　　Plaintiff(s),                         Hon. F. Kay Behm
v.                                          United States District Judge

WAYNE COUNTY FRIEND OF                      Hon. Anthony P. Patti
THE COURT, ANGELA                           U.S. Magistrate Judge
PACHECO, GREGORY M.
BARBEE, and HON. HELAL A.
FARHAT,

　　　Defendant(s).
_____ /

**OPINION AND ORDER ON DEFENDANTS' MOTIONS TO
DISMISS (ECF Nos. 6, 7) AND MOTION FOR SUMMARY
JUDGMENT (ECF No. 12)**

## I.　PROCEDURAL HISTORY

Plaintiff Anthony J. Irvin ("Irvin") filed a pro se complaint on

January 10, 2025, alleging violations of his constitutional rights under

42 U.S.C. § 1983 against Angela Pacheco, Gregory M. Barbee, Judge

Helal A. Farhat, and the Wayne County Friend of the Court

("Defendants").  ECF No. 1.  Defendants filed three separate motions.

First, on April 3, 2025, Defendants Judge Farhat and the Wayne

County Friend of the Court ("Friend of the Court") filed motions to

1

dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). ECF Nos. 6, 7.[1]  Second, on May 7, 2025, Defendants Gregory Barbee ("Barbee") and Angela Pacheco ("Pacheco") filed their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). ECF No. 12.  Plaintiff has not filed a response to any of these motions. Because Plaintiff failed to respond, the court will consider both motions unopposed, but for the sake of addressing the merits of his claims, will address each motion in detail.

A defendant may file a motion for summary judgment at any time, even before discovery begins.  *Jefferson v. Chattanooga Pub. Co.*, 375 F.3d 461, 463 (6th Cir. 2004).  Typically, a motion under Rule 56 is nonetheless premature unless the nonmoving party has had sufficient time to engage in discovery.  *Id.*  However, "[i]t is up to the party opposing the motion to take advantage of Rule 56[d,] and to state why more discovery is needed."  *Id.*  (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998) (holding that a party invoking Rule 56(d) protections must "affirmatively demonstrate . . . how postponement of a ruling on the motion will enable him, by discovery and other means, to

---

[1] The motions appear to be identical, though technically are brought separately for Judge Farhat and the Friend of the Court.

rebut the movant's showing of the absence of a genuine issue of fact").

When a motion for summary judgment is properly made and supported

with evidence, and the nonmoving party fails to respond with a showing

sufficient to establish an essential element of its case, summary

judgment is appropriate.  *Stansberry v. Air Wisconsin Airlines Corp.,*

651 F.3d 482, 486 (6th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477

U.S. 317, 322–23 (1986)).  The court will therefore fully consider the

motion for summary judgment along with the motion to dismiss, even at

this early stage.

For the reasons below, the court **GRANTS** the Motions to Dismiss

(ECF Nos. 6, 7) and Motion for Summary Judgment (ECF No. 12) and

closes the case.

## II.   FACTUAL BACKGROUND

Plaintiff Anthony J. Irvin was married to Lisa Monique Dunn

Irvin.  ECF No. 7, PageID.49 at ¶ 1.  They have one child who was born

in 2012.  ECF No. 12, PageID.84 at ¶ 2.  On October 29, 2015, Plaintiff

was named as a defendant in a divorce proceeding in the Wayne County

Third Judicial Circuit Court, *Lisa Monique Dunn Irvin v. Anthony

Irvin,* Case No. 15-112775-DM.  ECF No. 7, PageID.49. at ¶ 1; *see also*

3

ECF No. 7-1, PageID.61.  The case was originally assigned to former Judge Connie Marie Kelley.  *Id.*  Both parties opted out of Friend of the Court services.  *Id.* at ¶ 2.  On February 25, 2016, Judge Kelley entered a consent judgment of divorce.  *Id.* at ¶ 3.  The consent judgment did not provide for child support payments with respect to their minor child. *Id.*  In 2019, the case was reassigned to Judge Helal Farhat.  *Id.* at ¶ 4.

On March 22, 2024, Defendant Gregory Barbee, a private attorney hired by Lisa Irvin, filed a verified motion to modify custody, parenting time, and child support on behalf of Ms. Irvin.  ECF No. 12, PageID.84 at ¶ 5; ECF No. 12-7, PageID.150 at ¶ 9.  On March 25, 2024, Barbee filed a notice of hearing on the verified motion, which gave Plaintiff a hearing date of April 22, 2024, at 9:00 A.M. via Zoom, and provided a Zoom link.  ECF No. 12, PageID.84 at ¶ 6; ECF No. 7-1, PageID.65. However, the Circuit Court itself never acknowledged that notice nor scheduled the motion hearing, and it did not occur.[2]  ECF No. 12,

---

[2] As a matter of law, when a motion to modify custody, parenting time, and child support is filed, the circuit court is not required to hold a hearing prior to investigation.  *See* Mich. Comp. Laws § 552.517b.  In this case, "[a]lthough [Barbee] filed a Notice of Hearing regarding the motion filed on behalf of Ms. Irvin, the Court did not acknowledge it or ever schedule a hearing before Judge Farhat or a FOC Referee because the FOC initiated an investigation into the child support matter under applicable law."  ECF No. 12-7, PageID.151.

PageID.84 at ¶ 7; ECF No. 7-1, PageID.62.  On April 22, 2024, the date specified on the notice of hearing, only Plaintiff joined the Zoom link provided, and no one else was present.  ECF No. 1, PageID.5.  After waiting several hours, Plaintiff allegedly contacted Barbee's law office, Guentner, Barbee, & Associates, PLLC, and learned from Angela Pacheco, Barbee's secretary, that a new hearing date would be scheduled.  *Id.*; *see also* ECF No. 12-8, PageID.157 at ¶ 15.  As it turned out, the court never scheduled a hearing on the motion to modify child support, for the reasons explained in more detail below.

On May 24, 2024, Barbee, on behalf of Ms. Irvin, submitted a Request to Reopen Friend of the Court Case.  ECF No. 12, PageID.84 at ¶ 7.  Ms. Irvin's request for a modification of child support resulted in the FOC reviewing the 2016 consent judgment (that did not require Mr. or Ms. Irvin to pay child support).  The FOC conducted its review pursuant to the Friend of the Court Act, Mich. Comp. Laws §§ 522.501 *et seq.*, and the Support and Parenting Time Enforcement Act, Mich. Comp. Laws §§ 522.601 *et seq.*, which is legislation authorizing the FOC to investigate and enforce custody, parenting time, and child support. ECF No. 7, PageID.49 at ¶ 8-9; ECF No. 12, PageID.85.  On May 29,

2024, the Friend of the Court sent a letter to Plaintiff, requesting his financial information and tax returns to assist with its investigation regarding the request made by Ms. Irvin.  ECF No. 12, PageID.85. Plaintiff never responded to the letter.  ECF No. 7, PageID.49 at ¶ 12. On or about July 17, 2024, a notice of the Friend of the Court's recommendation for child support modification ("Child Support Order Recommendation Modification") was sent to Plaintiff with calculations done by the Friend of the Court.  ECF No. 1, PageID.5; *see also* ECF No. 7-1, PageID.67.  The recommendation included the Friend of the Court's proposed order for modification of child support, and it explicitly informed Plaintiff that if he disagreed with the recommendation in the notice, he must "file a written objection with the Clerk of the Court on or before 21 days from the date" the order was mailed, and that absent his objection, the proposed order would be "presented to the court for entry."  ECF No. 12, PageID.85. at ¶ 10-12; *see also* ECF No. 7-1, PageID.67.  Plaintiff did not file any objection to the Friend of the Court's recommendation.  ECF No. 12, PageID.85 at ¶ 11.

On September 23, 2024, after reviewing the Friend of the Court's recommendation, Judge Farhat signed a modification to the child

support order, which Plaintiff received, and the payments took effect as stipulated in the order.  ECF No. 1, PageID.5; ECF No. 7-1, PageID.50. at ¶ 14.

Plaintiff seeks monetary damages against Judge Farhat for "infringing on ... rights under all titles violated" and the Friend of the Court for "false statements" which allegedly caused "distress and mental anguish along with not having due process of law and equal protection of laws."  ECF No. 1, PageID.7.  Plaintiff also seeks monetary damages against Defendants Pacheco and Barbee for "infringing on . . . rights under all titles violated."  *Id.*

## III.   ANALYSIS

### A.   Motion to Dismiss

#### 1.   *Standard of Review*

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the [nonmoving party] . . . [and] accept all well-pled factual allegations as true."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003).  The complaint must provide "'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, the complaint must "contain[ ] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[ ] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id.* at 678. The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527.

In evaluating the allegations in the complaint, the court must be mindful of its limited task when presented with a motion to dismiss under Rule 12(b)(6). At the motion to dismiss stage, the court does not consider whether the factual allegations are probably true. Instead, the court must accept the factual allegations as true, even when skeptical. *See Twombly*, 550 U.S. at 555 (a court must proceed "on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)"); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"). In assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged." *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

In reviewing complaints from pro se litigants, district courts must liberally construe their pleadings. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). However, "[t]he leniency granted to pro se [plaintiffs] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "The complaint still must plead facts sufficient to show a redressable legal wrong has been committed." *Beebe v. Birkett*, 749 F. Supp. 2d 580, 587 (E.D. Mich. 2010) (citing Fed. R. Civ. P. 12(b)); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). District courts may still grant a Rule 12(b)(6) motion to dismiss if a pro se complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to

'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride*, Inc., 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue.  Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)) (noting that "[i]n general, in deciding a Rule 12(b)(6) motion to dismiss the court is limited to considering only the pleadings").  Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56.  Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

2. *Plaintiff Abandoned His Claims by Failing to Respond to Defendants' 12(b)(6) Motion*

When a defendant files a motion to dismiss and a plaintiff fails to respond to an argument or defense, the plaintiff effectively abandons undefended claims. *See Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (stating that the district court "correctly noted ... that [plaintiff] abandoned [certain] claims by failing to raise them in his brief opposing the government's motion to dismiss the complaint"); *PNC Bank, Nat'l Ass'n v. Goyette Mech. Co.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) ("A plaintiff abandons undefended claims").

Plaintiff has not filed any response to Defendants' Motion to Dismiss or their assertions of judicial and quasi-judicial immunity. Therefore, Plaintiff has abandoned his claims against Judge Farhat and the Friend of the Court, but to further explain why his claims will be dismissed with prejudice, the court addresses Defendants' arguments on their merits.

3. *Judge Farhat and the Friend of the Court Are Entitled to Immunity.*

11

Plaintiff alleges that Defendants Judge Farhat and the Friend of the Court violated 42 U.S.C. § 1983 on the basis that he "never saw a judge or talked to anyone from the office of the Friend of the Court" and that he received child support review and modification without a court date.  ECF No. 1, PageID.5.  Defendants construe Plaintiff's complaint as alleging violation of his due process rights and equal protection of the law from Judge Farhat's activities in his judicial capacity and the Friend of the Court's performance of tasks on the court's behalf.  ECF No. 7, PageID.50-51; *see also* ECF No. 1, PageID.5.  In response, Judge Farhat asserts judicial immunity, and the Friend of the Court asserts quasi-judicial immunity.  ECF No. 7, PageID.50.  A judge or an officer asserting judicial or quasi-judicial immunity bears the burden of establishing that such immunity exists.  *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

a.    Judicial Immunity

"Judicial officers generally are absolutely immune from civil suits for monetary damages ... for their judicial actions."  *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)).  The justification for judicial immunity stems from "long-

settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'" *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993)).  The "longstanding and emphatic recognition" of that justification has led courts to find that it "protect[s] a sweeping range of judicial actions." *Barnes,* 105 F.3d at 1115.  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)).[3]

However, judicial immunity does not extend to two circumstances. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at

---

[3] Michigan codified the doctrine of judicial immunity for state law claims in Mich. Comp. Laws § 691.1407(5): "A judge, a legislator, and the elective . . . of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority."

11 (citation omitted).  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Id.* at 12.

Judges' functions are judicial if those functions are 1) "normally performed by a judge" and 2) parties "dealt with the judge in his or her judicial capacity."  *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).  "Paradigmatic judicial acts," or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, serve as a baseline for defining functions normally performed by a judge.  *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (citing *Antoine*, 508 U.S. at 435-36).  On the other hand, if an action taken by a judge is not an adjudication between the parties, it is less likely that it will be deemed judicial.  *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994).  A judge acts in the clear absence of all jurisdiction "only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides."  *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997).

Plaintiff's allegations against Judge Farhat, construed in the light most favorable to Plaintiff, are essentially that he "never saw a judge"

14

for his hearing via Zoom, and that he received child support order modification signed by Judge Farhat without a court hearing.  ECF No. 1, PageID.5.  Even assuming there could be some procedural defect in a mistaken notice of Zoom hearing, "[s]etting dates for hearings" and entering orders are "paradigmatic judicial acts." *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994).  A judge will not be deprived of immunity because the action he or she took was allegedly incorrect. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).  Likewise, Judge Farhat's entry of the child support order is an act typically performed by a judge. Further, the Third Circuit Court had jurisdiction to hear Plaintiff's claim because Plaintiff was involved in a divorce proceeding with Ms. Irvin at the Wayne County Third Circuit Court.  Under Michigan's Support and Parenting Time Enforcement Act and Friend of the Court Act, trial courts have the authority to investigate and enforce custody, parenting time, and support, and seek recommendations from the Friend of the Court.  Mich. Comp. Laws § 552.605.  There are no facts advanced upon which Judge Farhat could plausibly be liable for damages or subject to injunctive relief, and it follows that judicial immunity applies.

Defendants further contend that, as a matter of law, there was no procedural defect against Plaintiff that would support Plaintiff's claims of due process and equal protection violations.  ECF No. 7, PageID.57. The court agrees.  Mich. Comp. Laws § 552.517b details the procedure for reviewing and modifying child support orders in divorce proceedings. Nowhere does the procedure require the trial court to hold a hearing prior to the investigation for the review and modification of child support orders.  Rather, the procedure clearly states that the proper opportunity for the nonmoving party (Plaintiff in this case) to have a hearing is to file objections to the Friend of the Court's investigation and request a hearing within twenty-one days after they receive notice of the recommended support amount.[4]  The notice that Plaintiff received from the Friend of the Court explicitly mentions this as well. *See* ECF No. 7-1, PageID.67.  Plaintiff thus failed to take advantage of a fair opportunity to obtain a hearing before Judge Farhat by not filing an

---

[4] *See* Mich. Comp. Laws § 555.517b(c)(4): "Twenty-one or more days from the date the notice required by subsection (3) is sent, the friend of the court office shall determine if an objection has been filed.  If an objection has been filed, the friend of the court shall set the matter for a hearing before a judge or referee or, if the office receives additional information with the objection, it may recalculate the support amount and send out a revised notice in accordance with subsection (3).  If no objection is filed, the friend of the court office shall prepare an order.  The court shall enter the order if it approves of the order."

objection at the time he was sent notice of the recommended change in child support.  Plaintiff also failed to adequately allege that he was treated differently from any other individual communicating with Judge Farhat or the Friend of the Court during divorce proceedings.  Accordingly, Plaintiff voluntarily forfeited his right to a hearing, and that forecloses his due process and equal protection claims as to that order, even if judicial immunity were somehow waived.

In sum, Plaintiff failed to allege any facts that indicate Judge Farhat's acts were either non-judicial or done in the complete absence of jurisdiction.  Mere statements that Plaintiff did not receive a hearing and that he is dissatisfied with Judge Farhat's entry of the child support order are insufficient to state a claim against a circuit court judge who is presumptively protected by judicial immunity.  Moreover, Plaintiff failed to plausibly plead a cognizable procedural due process or equal protection violation that would warrant relief from this court.  Judge Farhat's motion to dismiss (ECF No. 6) is thus granted.

### b.   Quasi-Judicial Immunity

Absolute immunity against suits for money damages is "well established" for judges, and such immunity has also been extended to

non-judicial officers performing "quasi-judicial" duties. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Non-judicial officers include persons performing "tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush*, 38 F.3d at 847. Courts observe the nature of the officer's function, not the identity or the title of the officer, to determine whether the immunity extends to the officer. *Quatkemeyer v. Kentucky Bd. Of Medical Licensure*, 506 F. App'x 342, 346 (6th Cir. 2012) (citing *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)). The party claiming absolute immunity bears the burden of establishing a justification for that immunity. *Antoine*, 508 U.S. at 432. To determine whether the doctrine of judicial immunity applies to officials other than judges, a court must determine whether performance of a function requires exercise of discretionary judgment. *Id.* at 436.

In Michigan, the Friend of the Court is considered an employee of the Circuit Court, performing its duties under the "discretion and supervision of the chief judge." Mich. Comp. Laws § 552.503. Its primary duties include interviewing the parties in a divorce proceeding, making recommendations as to custody, visitation, and child support,

18

and aiding the court in enforcing all orders regarding those matters.  §§ 552.501 *et seq.*  In *Johnson v. Granholm*, 662 F.2d 449 (6th Cir. 1981), the Sixth Circuit examined the Michigan statutes which prescribe the duties of the Friend of the Court and concluded that the Friend of the Court and its employees were immune from § 1983 claims.  Since then, district courts have consistently upheld quasi-judicial immunity of the Friend of the Court, so long as the Friend of the Court acts within its prescribed duties and responsibilities.  *See, e.g.*, *Wagner v. Genesee Cnty. Bd. Of Com'rs*, 607 F. Supp. 1158, 1164 (E.D. Mich. 1985) (holding, for example, that prosecutorial duties fall within the Friend of the Court's quasi-judicial immunity).

In this case, the Friend of the Court was performing duties normally performed by a circuit court judge.  Irvin seeks damages arising from alleged false statements in the Friend of the Court's findings and recommendation to the court.  *See* ECF No. 1, PageID.7. The Friend of the Court's duties include sending notices and making recommendations to the court regarding custody, parenting time, and child support based on independent investigations.  Mich. Comp. Laws § Mich. Comp. Laws §§ 522.501 *et seq.*  It follows that the conduct

Plaintiff alleges falls directly within the Friend of the Court's official and judicial duties. Thus, absolute, quasi-judicial immunity applies to the Friend of the Court in this case, and their motion to dismiss (ECF No. 7) is granted.[5]

## B.   Motion for Summary Judgment

### 1.   *Standard of Review*

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine

---

[5] It should be noted that, although neither Judge Farhat nor the Friend of the Court is the appropriate party to sue, if Plaintiff could show that he has an interest protected under the Due Process Clause and that there was a serious deprivation in the procedure in modifying the child support order, Wayne County would likely be the proper defendant.  *See, e.g.*, *Guba v. Huron Cnty.*, 695 F. App'x 98 (6th Cir. 2017) (plaintiffs filed a lawsuit against Huron County, alleging violations of procedural due process arising from proceedings related to a child support order in the Huron County Court of Common Pleas), *Banks v. Cnty. of Alameda*, Case No. 14-CV-00482, 2014 WL 1651941, at *3–4 (N.D. Cal. Apr. 23, 2014) (plaintiff filed a lawsuit against Alameda County, asserting procedural due process claims stemming from proceedings related to the alleged failure to close a child support case in state court).  Still, for the reasons explained, on the facts provided the court finds no procedural defect.

dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).  Further, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

2. *Plaintiff Abandoned His Claims by Failing to Respond to Defendants' Motion for Summary Judgment.*

When a nonmoving party does not respond to arguments made in the opposing party's motion for summary judgment, courts may infer such silence as abandonment or waiver of any challenge to it. *See Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."). Plaintiff never responded to Defendants' Motion for Summary Judgment and thus effectively abandoned his claims. As above, however, the court addresses the merits of his complaint to explain why dismissal with prejudice is appropriate.

3. *Defendants Barbee and Pacheco Are Not State Actors.*

Plaintiff alleges that his constitutional rights were violated because Defendants Barbee and Pacheco did not inform him of the new hearing date. ECF No. 1, PageID.5. Defendants respond in their motion for summary judgment that, as a factual matter, they are private citizens and were not working in any official capacity at any

level of government.  ECF No. 12-1, PageID.96.  The court agrees, and Plaintiff's § 1983 claims against Barbee and Pacheco are thus meritless.

For plaintiffs alleging violation of § 1983, plaintiffs must claim that "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Simescu v. Emmet County Dept. of Social Servs.*, 942 F.2d 372, 374 (6th Cir. 1991) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)).  If either element is missing, then plaintiffs' § 1983 claim will not prevail.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A person is a state actor only if his or her actions are attributable to the state.  *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995).  A lawyer representing a client is not a state actor under color of state law within the meaning of § 1983, even in cases where he or she acts "by virtue of being an officer of the court."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) ("It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983.").  Advancing the "undivided interests of his client" is "essentially a private function,

traditionally filled by retained counsel, for which state office and authority are not needed." *Polk Cnty.*, 454 U.S. at 318-19.

Defendant Barbee is a private lawyer representing Ms. Irvin, and Defendant Pacheco is a secretary for Mr. Barbee, as stated in their affidavits from the motion for summary judgment. *See* ECF No. 12-7, PageID.149-150 at ¶ 5-6, PageID.155 at ¶ 5-6. Plaintiff's complaint fails to identify any conduct from Barbee or Pacheco that could infer state action. The law office independently filed the notice of hearing on the motion. Neither Barbee nor Pacheco had the authority to reschedule hearings on behalf of the circuit court. It follows that Plaintiff cannot assert § 1983 claims against Defendants Barbee and Pacheco, and their motion for summary judgment (ECF No. 12) must therefore be granted.

**C.    Amendment Would Be Futile and Dismissal With Prejudice Is Appropriate**

Courts have discretion to determine whether to dismiss a complaint or to grant a plaintiff the opportunity to amend; they also generally have discretion to decide whether to dismiss a complaint with or without prejudice. *See United States ex rel. Bledsoe v. Cmty. Health*

*Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).  Fed. R. Civ. P. 15(a)(2)

states that courts should grant leave to amend a complaint "when

justice so requires."  In cases "where a more carefully drafted complaint

might state a claim, a plaintiff must be given at least one chance to

amend the complaint before the district court dismisses the action with

prejudice."  *Cmty. Health Sys., Inc.*, 342 F.3d at 644.  (citing *EEOC v.*

*Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)).  However, denying

leave to amend may be appropriate "where there is 'undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to

the opposing party by virtue of allowance of the amendment, futility of

the amendment, etc.'"  *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir.

2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

    Two facts weigh against granting leave to amend and in favor of

dismissing Plaintiff's claims with prejudice.  First, Plaintiff failed to

respond to Defendants' motion to dismiss and motion for summary

judgment, indicating "failure to cure deficiencies by amendments

previously allowed."  More importantly, given that Judge Farhat and

the Friend of the Court have judicial and quasi-judicial immunities,

respectively, and that Plaintiff's claims are directly tied to their official duties concerning the motion to modify custody, parenting time, and child support, amendment as to these Defendants would be futile. Similarly, permitting amendment of Plaintiff's § 1983 claims against Defendants Barbee and Pacheco, a private attorney and his secretary, respectively, would be futile. No set of facts would allow Plaintiff to recover against these Defendants. *See Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994).

Thus, the motion to dismiss and motion for summary judgment will be granted with prejudice.

## IV.  CONCLUSION

Therefore, the Court **GRANTS** Defendants' Motions to Dismiss and Motion for Summary Judgment and **DISMISSES** the complaint **WITH PREJUDICE**. This is a final order that closes the case. A separate order of judgment will follow.

**SO ORDERED**.


Date: June 18, 2025                           s/F. Kay Behm
                                              F. Kay Behm
                                              United States District Judge